MARSH et al. v. NASSAU SHOW-CASE CO.

(Supreme Court, Appellate Term.    March 24, 1899.)

1. MUNICIPAL COURTS—APPLICATION FOR ADJOURNMENT.
    Under Greater New York Charter, § 1377, providing that the rules of
    the supreme court shall apply to municipal courts, where an attorney,
    pursuant to rule 5 of the supreme court, applies to a municipal court
    for adjournment, and presents an affidavit that he is actually engaged
    in the supreme court, the justice errs in not granting it.

2. SAME—OPENING DEFAULT—ERROR CURED.
    Where the justice refuses such an application, and permits plaintiff to
    take judgment, the error is not cured by opening the default, where terms
    are imposed on defendant.

Appeal from municipal court, borough of Manhattan, first district.
    Action by Marsh & McClennen against the Nassau Show-Case Com-
pany.    From a judgment of inquest, and an order granting defend-
ant's motion to open the default conditionally, it appeals.    Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-
TRITT, JJ.

McKelvey & Mattocks, for appellant.
Wilder & Anderson, for respondents.

MacLEAN, J.    This case having been called upon the day calendar
of January 19, 1899, for trial, a representative of the defendant's at-
torneys applied for an adjournment, and presented and filed an affi-
davit, verified on that day, wherein the affiant deposed that he was
one of the attorneys, and had charge of the above-entitled action; that
he was actually engaged in the trial of a case (named) in the supreme
court, New York county, trial term, part 7, and would be unable to
proceed with the trial of this case on that date.    As there was pre-
sented to him the very affidavit contemplated in rule 5 of the rules to
regulate calendar practice in this department, including the practice
in the municipal court (section 1377, Greater New York Charter), the
justice erred in not granting the application, and in permitting the
plaintiff to take an inquest and recover judgment.    This error was
not cured by opening the default upon a motion made and heard upon
conflicting affidavits, with the imposition of terms upon the defendant.
The judgment appealed from should be reversed, and the order va-
cated, with costs to the appellant.

Judgment reversed, and order vacated, with costs.    All concur.

---

(26 Misc. Rep. 715.)

RYER et al. v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Term.    March 24, 1899.)

CARRIERS—LOSS OF GOODS.
    Plaintiff, after shipping goods over defendant's line, made a written
    request that defendant use all available means to stop the articles before
    delivery to the consignee, and return them to plaintiff; "the full mean-
    ing and intent of this agreement being that you are to act as our agent
    in this transaction."    Only part of the goods were returned, but there-

was no evidence to show that more of them had been found, or that defendant was negligent. *Held*, that plaintiff could not recover.

Appeal from city court of New York, general term.

Action by James B. Ryer and another against the Pennsylvania Railroad Company. From a judgment of the general term reversing a judgment for plaintiffs (54 N. Y. Supp. 583), they appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Campbell & Murphy, for appellants.

Robinson, Biddle & Ward, for respondent.

MacLEAN, J. It was alleged in the complaint that in 1889 the plaintiffs delivered to the defendant, a common carrier, certain merchandise, to be delivered to a furniture company at Ft. Scott, Kan.; that, before the delivery of the goods to the consignee, plaintiffs instructed the defendant to return the goods, which defendant undertook to do, receiving payment for such shipment and return, but it neglected to return or deliver the goods mentioned. In its answer the defendant admitted receipt of the goods as common carrier, and said that after the goods were delivered by the defendant to another company, at some point in the state of Illinois, the defendant was notified to return the same to the plaintiffs, and subsequently did return certain of the goods, which were accepted by the plaintiffs; but it denied any agreement or undertaking safely to transport the goods on the return, and also any negligence on its part. An employé of the plaintiffs testified that he went to the office of the defendant; there requested the return of the goods; was asked to make out an application, which he did; and was told "that they would see that the goods were returned if found." The application, offered in evidence by the defendant and admitted by the plaintiffs' counsel, was a request to use all available means to stop the articles before delivery to the consignee, and return them to the plaintiffs. It closed with: "The full meaning and intent of this agreement being that you are to act as our agent in this transaction." Under this application, the defendant company procured the return of certain merchandise, which was offered and delivered to the plaintiffs, who claimed that less than the original shipment was returned, and that part of it was damaged; but there was no evidence showing, or tending to show, that more goods had been found, or to show negligence or lack of diligence on the part of the defendant, whose special services the plaintiffs had requested when they employed it as their agent. The judgment of the general term should be affirmed, with costs.

Judgment affirmed, with costs.

FREEDMAN, P. J., concurs. LEVENTRITT, J., concurs in result.